UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MATHESON & ASSOCIATES, PLLC, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) JURY DEMAND |
| v. | ) |
| | ) |
| WHITCOMB SELINSKY, P.C., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, Matheson & Associates, PLLC, as licensee of John R. Szymankiewicz, Esq., by and through undersigned counsel, bring this action for trademark infringement against Defendant, Whitcomb Selinsky, P.C., and by and for its Complaint, allege as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement arising under the laws of the United States, 15 U.S.C. § 1051, et seq. By this action, Plaintiff seeks to prevent Defendant from causing confusion in the marketplace and unfairly benefiting from Plaintiff's reputation and goodwill.

2. Plaintiff also seeks equitable relief in the form of an injunction, preliminarily and permanently enjoining Defendant from using Plaintiff's "Beer Law Center" mark in connection with providing legal services along with advertising and/or promotion of those services using the name "Beer Law HQ."

## PARTIES

3. Plaintiff, Matheson & Associates, PLLC ("Matheson & Associates") is the licensee

1

of the marks "Beer Law Center" which are owned by John R. Szymankiewicz, Esq. ("Szymankiewicz"). Exhibit A. Szymankiewicz is a North Carolina based attorney and partner in Matheson & Associates, PLLC and his practice area dating back to 2013 has been focused on providing legal services to individuals and businesses operating in the beer, wine, distilled spirits, and craft beverage industries. Szymankiewicz, through Matheson & Associates, provides these legal services under the name "Beer Law Center." Matheson & Associates' principal place of business is 127 W. Hargett St., Ste. 100, Raleigh, NC 27601.

4. Defendant, Whitcomb Selinsky, P.C. ("Whitcomb") is a Colorado based law firm whose principal place of business is 2000 S. Colorado Blvd., Tower #1, Ste. 950, Denver, CO 80222. Defendant markets and provides legal services to the brewing and distilling industries using the non-trademarked name "Beer Law HQ."

## JURISDICTION AND VENUE

5. This is an action for infringement of a registered mark under the Lanham Act, 15 U.S.C. § 1125(a).

6. This Court has subject matter jurisdiction over the Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has committed acts of infringement within this judicial district.

8. Further, this this Court may exercise personal jurisdiction over Defendant under the North Carolina Long-Arm Statute N.C. Gen. Stat. §1-75.4, because, on information and belief, the Defendant has transacted business in North Carolina and caused an injury in this state by marketing their legal services using "Beer Law HQ" through its interactive website located at

www.beerlawhq.com and whitcomblawpc.com

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims at issue in the lawsuit occurred in this judicial district and because Defendant is subject to personal jurisdiction in this district.

**FACTS AND BACKGROUND**

10. Szymankiewicz owns the word marks for "Beer Law Center" Reg Nos. 4,843,187, 5,861,566 and 6,427,111 and the design mark for "Beer Law Center" appearing on a bottle cap, Reg. No. 4,884,790. Exhibit B.

11. Plaintiff Matheson & Associates has an exclusive license of the marks, which are in International Class 045 and have been in use since January 1, 2013. Exhibit A.

12. An image of the "Beer Law Center" design mark appears below:



13. Matheson & Associates uses the marks on www.beerlawcenter.com, various printed marketing materials and it also conducts extensive social media marketing through:

3

a. Facebook: https://www.facebook.com/BeerLawCenter/;

b. X: https://x.com/BeerLawCenter;

c. Instagram: https://www.instagram.com/beerlawcenter;

d. Threads: https://www.threads.net/@beerlawcenter;

e. Bluesky: https://bsky.app/profile/beerlawcenter.bsky.social;

f. LinkedIn: https://www.linkedin.com/company/beer-law-center/,

g. YouTube https://www.youtube.com/@beerlawcenter; and

h. Websites at https://beerlawcenter.com/ and https://www.mathesonlawoffice.com/ (under subsidiaries).

14. In 2017, Szymankiewicz published a book under the "Beer Law Center" mark titled, <u>Beer Law – What Brewers Need to Know</u>, ISBN 978-1542730884. Szymankiewicz additionally authors a blog on the Beer Law Center website geared toward the beer, wine, distilled spirits, and craft beverage industry, all of which prominently feature the "Beer Law Center" marks.

15. Szymankiewicz has invested significant time, energy and resources in promoting and offering legal services through "Beer Law Center" and regularly attends trade shows throughout the United States in order to meet with and obtain new legal clients as an attorney offering services through the brand "Beer Law Center" for Matheson & Associates.

16. Since January 2013, Szymankiewicz has attended, spoken at, and/or exhibited at tradeshows to promote legal services under the mark "Beer Law Center," at conferences and events such as North Carolina Craft Brewers Guild Conferences in North Carolina, Virginia Craft Brewers Guild Event(s) (Virginia), Virginia Brewers Conference (Virginia), Craft Beer

4

Professionals Virtual Conferences (nationwide), Craft Beer Professionals Connects Conferences (Virginia and North Carolina), The national Craft Brewers Conference (Washington DC, Nevada, and Indiana), Distillers Association of North Carolina (North Carolina), American Agricultural Law Association (Louisiana), and NanoCon Virtual Conference (nationwide), HomeBrewCon (California, Rhode Island, and Maryland).

17. As a result of these investments and efforts, Szymankiewicz has developed valuable goodwill in the "Beer Law Center" marks across the United States among individuals in the brewing and distilling industries relating to the legal services he provides through Matheson & Associates.

18. Szymankiewicz's "Beer Law Center" marks are proprietary, highly valuable, and an important asset of Szymankiewicz and Matheson & Associates.

19. On or about July 7, 2022, Szymankiewicz received an attendee list for an upcoming trade show sponsored by Craft Beer Professionals ("CBP"), called "CBP Connects Conference" which was scheduled for September 12-13, 2022 in Newport News, VA. One of the attendees on the list was Brandon M. Selinsky, Esq of "Beer Law HQ." When Szymankiewicz saw that Selinsky was using an unregistered brand that was confusingly similar to Szymankiewicz's registered "Beer Law Center" marks, he sent an email to Selinsky informing him of his ownership and exclusive rights to use the "Beer Law Center" marks in connection with providing legal services in the brewing and distilling industries. Exhibit C.

20. Selinsky responded to Szymankiewicz's email on July 7, 2022, denying that his brand was similar to "Beer Law Center" and dismissing Szymankiewicz's concerns regarding confusion between the brands.

5

21. On September 12-13, 2022, Szymankiewicz attended the CBP Connects Conference where he encountered Defendant's booth in where it was displaying their brand logo with "Beer Law HQ," which is confusingly similar to the "Beer Law Center" mark, as shown below:



22. Following the CBP Connects Conference, over the course of almost two years, Szymankiewicz attempted to engage with Selinsky to resolve the dispute amicably and avoid litigation. Exhibit C. Ultimately, Defendant refused to modify its brand and Selinsky eventually stopped responding to Szymankiewicz's emails.

23. Defendant is presently using the infringing "Beer Law HQ" brand through its websites www.beerlawhq.com and whitcomblawpc.com. as well as at tradeshows attended by Plaintiff.

24. Szymankiewicz has never authorized any of the above-shown activities or any use of the "Beer Law Center" marks other than through the license agreement with Plaintiff, Matheson & Associates, PLLC.

25. Defendant has willfully and intentionally engaged in the foregoing activities with

the knowledge that the "Beer Law Center" marks were used and owned by Szymankiewicz and that using the infringing name "Beer Law HQ" in connection with offering legal services to the brewing and distilling industries was unauthorized.

26. Defendant's infringement on the "Beer Law Center" marks is without permission and has been a deliberate attempt to trade on the valuable trademark rights, goodwill, and trust established by Szymankiewicz in his "Beer Law Center" marks.

27. Defendant's actions have caused or are likely to cause significant harm to "Beer Law Center's" reputation and hard-earned goodwill that Szymankiewicz has developed in his marks over the past 12 years.

28. Plaintiff, Matheson & Associates, LLC, pursuant to its license with Szymankiewicz, has standing to enforce its rights in the marks.

## CAUSE OF ACTION

### COUNT I

### Trademark Infringement – Lanham Act

29. Plaintiff re-alleges and incorporates by reference the allegations in Paragraph 1 through 28 as if fully restated herein.

30. Szymankiewicz owns the distinctive "Beer Law Center" marks as described in Reg. Nos. 4,843,187, 5,861,566 and 6,427,111 and the design mark for "Beer Law Center" appearing on a bottle cap, Reg. No. 4,884,790.

31. Pursuant to its license with Szymankiewicz, Plaintiff has rights, title and interest in the "Beer Law Center" marks.

32. Defendant is not authorized to use "Beer Law Center" or any variation thereof, or

7

any mark confusingly similar to Plaintiff's "Beer Law Center" marks.

33. Plaintiff's "Beer Law Center" marks are inherently distinctive.

34. Defendant's unauthorized use in commerce of the infringing "Beer Law HQ" name and bottle cap logo in interstate commerce wrongly and falsely designates, describes, or represents Plaintiff's "Beer Law Center" marks and has and continues to be likely to cause confusion, mistake, and deception as to the affiliation, connection, or association with Defendant has with "Beer Law Center."

35. Defendant's unauthorized use of the "Beer Law Center" marks has caused and are likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's law firm's use of "Beer Law HQ" is associated or connected to Matheson & Associates, PLLC's "Beer Law Center."

36. Members of the brewing and distilling industries have already expressed confusion regarding "Beer Law Center" and "Beer Law HQ" at a tradeshow event occurring on September 12 – 13, 2022 in Newport News, Virginia. Exhibit D.

37. Defendant's actions therefore violate Plaintiff's licensee's rights in the "Beer Law Center" marks and constitute trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

38. Defendant has created, promoted, and advertised using the name "Beer Law HQ" in violation of and with the knowledge of Plaintiff's rights to the "Beer Law Center" marks and for the purpose of trading upon Plaintiff's goodwill and reputation.

39. Defendant has caused and is likely to continue to continue to cause substantial injury to Plaintiff and the public, and Plaintiff is entitled to injunctive relief and to recover from

Defendant actual damages, corrective advertising damages, costs and reasonable attorney's fees.

40. Defendant's wrongful conduct was and is willful and deliberate or recklessly indifferent to the rights of Plaintiff, Defendant's infringing activities are knowing, willful, and intentional violations of Plaintiff's rights.

41. Defendant's acts of trademark infringement, unless restrained, will cause great and irreparable harm to Plaintiff and to the goodwill represented by the "Beer Law Center" marks, in an amount that cannot be ascertained at this time, leaving Plaintiff with no adequate remedy at law.

42. Plaintiff is thus entitled to preliminary and permanent injunctive relief restraining Defendant from any further acts of trademark infringement and unfair competition, as well as recovery of Plaintiff's costs and reasonable attorney's fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. An entry of judgment in Plaintiff's favor and against Defendant on Count I of this Complaint;

B. A declaration that Defendant's trademark infringement and unfair competition have been willful and that this case is exceptional;

C. An order enjoining, temporarily, preliminarily and permanently, Defendant, and each of its respective officers, agents, servants, employees, and attorneys, and all of those persons in active concert or participation with it:

  a. from using "Beer Law HQ," or any name or design that is confusing similar with the "Beer Law Center" marks; and

  b. from any further acts of trademark infringement or unfair competition in violation of 15 U.S.C. § 1125(a).

D. Defendants be required to pay Plaintiff's costs of this action, including prejudgment and post judgment interest and its reasonable attorney's fees; and

E. For such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues properly tried to a jury.

Dated: April 2, 2025

          MATHESON & ASSOCIATES, PLLC

          /s/ Karl W. Roth
          Karl W. Roth, Esq.
          ROTH LAW GROUP LLC
          *Attorney for Plaintiff*
          NC Bar ID: 36555
          127 W. Hargett St., Ste. 100
          Raleigh, NC 27602
          Tel. 919-335-5291
          Email: kwr@rothlawgroup.com